**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | **Case No. 2:18-md-2846** |
| | **JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |

This document relates to:
*Stinson v. Davol, Inc., et al.*,
Case No. 2:18-cv-01022

**ORDER**

This matter is before the Court on Defendants' Motion to Redact Defendants' Financial Information in Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Exhibit P1.0189 Thereto.  (ECF No. 127).  For the reasons that follow, Defendants' Motion is **DENIED**.

A district court may enter a protective order during discovery on a mere showing of "good cause."  Fed. R. Civ. P. 26(c)(1).  "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted).  "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"  *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records."  *Id.* at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179).  "Only the most compelling reasons can justify non-disclosure of judicial records."  *Id.* (quoting *In*

*re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Id.* at 305–06 (quotation omitted).  Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure."  *Id.* at 306 (quotation omitted).

The parties have agreed on several redactions to Plaintiff's filings.  However, Defendants ask this Court to order Plaintiff to redact "a single dollar figure originating from a speech given at a non-public company event in 2006." (ECF No. 147.)  Defendants point out that the figure was redacted in the first bellwether trial, *Johns v. C.R. Bard, Inc., et al.*, Case No. 18-cv-1509.  (ECF No. 127 at PageID # 5537.)  Defendants claim that their request for redaction is "narrowly tailored" and that "the information is not necessary for the public to understand the events giving rise to the dispute or the arguments made in Plaintiff's Opposition [to Defendants' Motion for Summary Judgment]." (*Id.* at PageID #5540.)  Defendants also claim that the requested redactions are in line with how the information was treated in *Johns*, "and there is no reason to depart from that approach now." (*Id.*)

In response, Plaintiff argues that Defendants do not articulate at all how they would be injured by "the disclosure of a nearly two-decade old dollar figure given in a speech to hundreds of sales representatives." (ECF No. 146 at PageID #5969.)  Plaintiff also contends that just because the dollar figure was redacted in *Johns* does not mean it needs to be redacted in this case. (*Id.*)  In distinguishing this case from *Johns*, Plaintiff points to the fact that the quoted language specifically references the PerFix Plug, the device at issue in this case (which was not at issue in *Johns*). (*Id.* at PageID #5972.)  Plaintiff seeks to use the dollar figure, and the speech of which it was a part, as evidence of malice in any punitive damages phase of the trial. (*Id.*)

Defendants point to several cases from this District in support of their argument that their revenue and sales data must be kept confidential.  However, these cases can be distinguished.  In *London Computer Systems v. Zillow*, the court held that companies have a compelling interest in protecting information such as revenue and sales data from their competitors, especially where disclosure would cause a competitive disadvantage.  *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019).  However, in this case, Defendants have not claimed they would suffer any adverse consequences at all, let alone a "competitive disadvantage."  Defendants also cite *Reliant Capital Solutions v. Ram Payment*, which also focuses on when disclosure "would give a significant advantage to competitors of the parties in this action."  *Reliant Cap. Sols., LLC v. Ram Payment, LLC*, No. 2:22-CV-03047, 2022 WL 16569215, at *2 (S.D. Ohio Nov. 1, 2022) (internal citations omitted).

In *Language Access Network v. CulturaLink*, the court reasoned that a seal must be narrowly tailored to serve the reason for sealing, "which requires the moving party to analyze in detail . . . the propriety of secrecy, providing reasons and legal citations. . . . And in delineating the injury to be prevented, specificity is essential."  *Language Access Network v. CulturaLink*, No. 2:19-CV-194, 2021 WL 5298048, at *1 (S.D. Ohio Nov. 15, 2021) (internal citations omitted).  Defendants do not point out with any specificity an injury to be prevented.  Additionally, their reasons for sealing seem to be that the information "is not necessary for the public to understand the events giving rise to the dispute," and that the information was redacted in *Johns*.  (ECF No. 127 at PageID #5540.)  Defendants vaguely point to their "interests in keeping [their] financial information confidential" (ECF No. 147 at PageID #6019), but the Court's obligation to keep its records open for public inspection "is not conditioned upon the desires of the parties to the case."  *CulturaLink*, 2021 WL 5298048 at *1.

3

Defendants cite to *Joseph v. Joseph*, but in that case the court discussed the privacy interests related to the personal assets and net worth of individual defendants, not that of a large corporation. *Joseph v. Joseph*, No. 1:16-CV-465, 2018 WL 11432993, at *2 (S.D. Ohio Sept. 26, 2018). Finally, *CNG Financial Corp. v. Brichler* is also distinguishable from this case. In *Brichler*, the court reasoned that the case was a "business-to-business dispute," and there were "no allegations that either of the[] companies have harmed the public," which is not the case here. *CNG Fin. Corp. v. Brichler*, No. 1:21-CV-00460, 2022 WL 683416, at *4 (S.D. Ohio Mar. 8, 2022).

Defendants have not shown that disclosure will result in a "clearly defined and serious injury." As the Court has previously explained in denying another motion to seal filed by Defendants in this MDL:

> Defendants argue that the Exhibit is irrelevant to the resolution of Defendants'
> Motion. As this Court has previously explained on more than one occasion, "claims
> that a document is 'irrelevant' or 'highly prejudicial' are insufficient" to establish
> that a document should be sealed. (Case No. 18-cv-1509, ECF No. 116 at PageID
> #8177; Case No. 18-cv-1509, ECF No. 141 at PageID #9092.) Those same
> arguments fail again here. Because Defendants have not demonstrated a clearly
> defined and serious injury from the disclosure of the Exhibit, their Motion is
> DENIED.

(Case No. 18-cv-1320, ECF No. 341.) The same reasoning applies here. Defendants' Motion to Redact (ECF No. 127) is **DENIED**.

    **IT IS SO ORDERED.**

| | |
|---|---|
| **12/7/2022** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |