UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Stinson v. Davol, Inc., et al.*,
Case No. 2:18-cv-01022

## MOTIONS IN LIMINE OPINION & ORDER NO. 45

### Plaintiff's Motions *in Limine* ("MIL") Nos. 1, 5, 11, 12, 16, and 17

Plaintiff Aaron Stinson and Defendants C.R. Bard, Inc. and Davol, Inc. filed various MILs to exclude evidence in this case. Now before the Court are (A) Plaintiff's MIL No. 1 to Exclude Certain Subjects from Evidence at Trial (ECF No. 166); (B) Plaintiff's MIL No. 5 to Exclude Evidence or Argument Regarding the "Gold Standard" and "Standard of Care," That Other Products or Procedures Would Have Caused the Same or Similar Complications in Mr. Stinson, or That the PerFix Plug is a "Lifesaving" Device (ECF No. 167); (C) Plaintiff's MIL No. 11 to Exclude Evidence, Testimony, Reference, Comments, and Documents Regarding Plaintiff's Counsel (ECF No. 169); (D) Plaintiff's MIL No. 12 to Exclude Argument as to Potential Impact of a Plaintiff's Verdict on the Availability of Treatment Options for Patients and Physicians (ECF No. 170); (E) Plaintiff's MIL No. 16 to Exclude the FDA's Hernia Surgical Mesh Implants Webpage (ECF No. 162); and (F) Plaintiff's MIL No. 17 to Exclude Evidence, Testimony, Reference, Comments, and Documents Regarding the Number of Times an Expert Witness's Testimony was Accepted or Rejected in Other Litigations (ECF No. 171).

I.   Background[1]

Plaintiff's case will be tried as the third bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiff brings this action to recover for injuries sustained as a result of the implantation of an Extra-Large PerFix Plug hernia mesh device, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: design defect, failure to warn, negligence, breach of express warranty, and breach of implied warranty; the Court has reserved judgment on Plaintiff's claims for manufacturing defect, certain damages, and claims related to his current Bard Mesh implant.

The relevant facts here are that in 2015 Plaintiff underwent a right inguinal hernia repair with an Extra-Large PerFix Plug mesh, a product manufactured by Defendants. In 2017, Plaintiff underwent exploratory surgery to determine if he had a recurrent hernia or nerve entrapment because of chronic pain in his right groin area. The explanting surgeon, Dr. Radke, noted extensive

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case. (Dispositive Motions Order ("DMO") No. 7, ECF No. 225.) All docket citations are to the *Stinson* case, 18-cv-1022, unless otherwise noted.

scarring and found "a large ball approximately 2.5 cm in diameter of rolled up mesh next to the pubic tubercle." (ECF No. 89-22 at PageID #1134.) Dr. Radke removed the mesh, which he described as "slow going and extremely difficult" because of the significant scarring. (*Id.*) Dr. Radke then repaired the hernia with another of Defendants' products, Bard Marlex Mesh. (*Id.*) Even after the explant surgery, Plaintiff claims to have continuing chronic pain and other complications.

## II. Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence.").

The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III. Analysis

#### A. Plaintiff's MIL No. 1

Consistent with the Court's rulings on similar motions filed by the plaintiffs in the first and second bellwether trials in this MDL, *Johns v. C.R. Bard, Inc., et al.* (Case No. 18-cv-1509, MIL Order Nos. 1-A & 8, ECF Nos. 330 & 390) and *Milanesi, et al. v. C.R. Bard, Inc., et al.* (Case No. 18-cv-1320, MIL Order No. 18, ECF No. 285), Plaintiff's MIL No. 1 is **GRANTED IN PART** and **DENIED IN PART**. With the limitations and clarifications specified in the Court's prior rulings, Defendants do not oppose Parts 1–12 and 14–17 of Plaintiff's motion. (ECF No. 185.)

4

As to parts 13 and 20 of Plaintiff's motion, the Court adopts its prior ruling that evidence of Defendants' good or charitable acts is excluded as propensity evidence but "Defendants will be permitted to explain briefly what their companies do and produce, which may include some reference to COVID-19 related efforts (if they are significant and form a large part of Defendants' business) or the fact that their devices are designed to be useful, treat medical conditions, et cetera." (Case No. 18-cv-1320, MIL Order No. 18, ECF No. 285 at PageID #16894.)

The Court adopts its prior rulings that parts 18 and 19 of Plaintiff's motion are granted in part but denied in part "to the extent that it would prevent the admission of evidence regarding the adequacy of warnings for the [device], including the possible effect of warning dilution here." (*Id.*) An expert must be qualified to testify as to the adequacy of warnings. (*Id.*)

### B. Plaintiff's MIL No. 5

The Court addressed this issue in the context of the first two bellwether trials. For the reasons stated in MIL Order Nos. 3 (Case No. 18-cv-1509, ECF No. 332) and 7 (Case No. 18-cv-1509, ECF No. 375), Plaintiff's MIL No. 5 to exclude evidence regarding the "gold standard" and "standard of care," that other products or procedures would have caused the same or similar complications in Plaintiff, or that the PerFix Plug is a "lifesaving" device (ECF No. 167) is **GRANTED IN PART** and **DENIED IN PART**.

### C. Plaintiff's MIL No. 11

Plaintiff's MIL No. 11 to exclude evidence regarding Plaintiff's counsel (ECF No. 169) is **GRANTED**. Defendants do not oppose Plaintiff's motion, as long as the ruling applies equally to both parties as it did in *Johns* and *Milanesi*. (ECF No. 188; Case No. 18-cv-1506, MIL Order No. 6, ECF No. 366; Case No. 18-cv-1320, MIL Order No. 18, ECF No. 285.) Neither side will be

5

permitted to introduce evidence related to the parties' counsel, nor to introduce evidence of the number of cases pending against Defendants.

### D. Plaintiff's MIL No. 12

Consistent with the Court's ruling above on Plaintiff's MIL No. 1, Plaintiff's MIL No. 12 to exclude argument as to the potential impact of a plaintiff's verdict on the availability of treatment options for patients and physicians (ECF No. 170) is **GRANTED**.

### E. Plaintiff's MIL No. 16

In Plaintiff's MIL No. 16, he seeks to exclude the FDA's hernia surgical mesh implants webpage. (ECF No. 162.) Plaintiff contends that the webpage did not exist until 2015, after Plaintiff's surgery. (*Id.*) However, Defendants claim this is incorrect and the website did in fact exist prior to Plaintiff's surgery. (ECF No. 189.) The Court ruled on a similar motion in the first bellwether case. Consistent with the Court's ruling in *Johns* (Case No. 18-cv-1509, MIL Order No. 4, ECF No. 355), Plaintiff's MIL No. 16 is **DENIED**. Defendants may only rely on the FDA webpage as it existed prior to Plaintiff's implant surgery.

### F. Plaintiff's MIL No. 17

For the reasons stated in this Court's MIL Order No. 6 in *Johns* (Case No. 18-cv-1509, ECF No. 366), Plaintiff's MIL No. 17 to exclude evidence regarding the number of times an expert witness's testimony was accepted or rejected in other litigations (ECF No. 171) is **GRANTED IN PART** and **DENIED IN PART**. The parties may introduce evidence of how often an expert has served as an expert witness. However, the parties may not introduce evidence of how many times an expert's testimony has been rejected in another litigation.

## IV. Conclusion

For the reasons set forth above, Plaintiff's MIL No. 1 (ECF No. 166) is **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's MIL No. 5 (ECF No. 167) is **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's MIL No. 11 (ECF No. 169) is **GRANTED**; Plaintiff's MIL No. 12 (ECF No. 170) is **GRANTED**; Plaintiff's MIL No. 16 (ECF No. 162) is **DENIED**; and Plaintiff's MIL No. 17 (ECF No. 171) is **GRANTED IN PART** and **DENIED IN PART**.

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

<u>6/6/2023</u>     <u>s/Edmund A. Sargus, Jr.</u>
**DATE**      **EDMUND A. SARGUS, JR.**
      **UNITED STATES DISTRICT JUDGE**