UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Stinson v. Davol, Inc., et al.*,
Case No. 2:18-cv-01022

## MOTIONS IN LIMINE OPINION & ORDER NO. 46

### Plaintiff's Motions *in Limine* ("MIL") Nos. 2, 4, 7, 8, 9, 15

Plaintiff Aaron Stinson and Defendants C.R. Bard, Inc. and Davol, Inc. filed various MILs to exclude evidence in this case. Now before the Court are (A) Plaintiff's MIL No. 2 to Exclude Evidence or Argument Concerning the Reason for Warnings on Any Material Safety Data Sheets ("MSDS") and Technical Data Sheets ("TDS") (ECF No. 160); (B) Plaintiff's MIL No. 4 to Exclude Evidence or Argument Concerning Defendants' Employees, Witnesses, Expert Witnesses, and/or Their Family Members or Friends' Personal Experience with Hernia Mesh (ECF No. 159); (C) Plaintiff's MIL No. 8 to Exclude Certain Evidence Related to UCSF and Abbott Warning Letters (ECF No. 178); (D) Plaintiff's MIL No. 9 to Exclude All Evidence or Argument that the PerFix Plug is Still on the Market (ECF No. 163); (E) Plaintiff's MIL No. 7 to Exclude All Evidence Related to the Adverse Event or Complaint Rates of the PerFix Plug from Defendants' Counsel and Expert Witnesses (ECF No. 165); and (F) Plaintiff's MIL No. 15 to Exclude Evidence, Argument, or Suggestion Related to the PerFix Plug's Safety History and Its Lack of Complaints (ECF No. 179).

I.     Background[1]

Plaintiff's case will be tried as the third bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiff brings this action to recover for injuries sustained as a result of the implantation of an Extra-Large PerFix Plug hernia mesh device, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: design defect, failure to warn, negligence, breach of express warranty, and breach of implied warranty; the Court has reserved judgment on Plaintiff's claims for manufacturing defect, certain damages, and claims related to his current Bard Mesh implant.

The relevant facts here are that in 2015 Plaintiff underwent a right inguinal hernia repair with an Extra-Large PerFix Plug mesh, a product manufactured by Defendants. In 2017, Plaintiff underwent exploratory surgery to determine if he had a recurrent hernia or nerve entrapment because of chronic pain in his right groin area. The explanting surgeon, Dr. Radke, noted extensive

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case. (Dispositive Motions Order ("DMO") No. 7, ECF No. 225.) All docket citations are to the *Stinson* case, 2:18-cv-1022, unless otherwise noted.

2

scarring and found "a large ball approximately 2.5 cm in diameter of rolled up mesh next to the pubic tubercle." (ECF No. 89-22 at PageID #1134.) Dr. Radke removed the mesh, which he described as "slow going and extremely difficult" because of the significant scarring. (*Id.*) Dr. Radke then repaired the hernia with another of Defendants' products, Bard Marlex Mesh. (*Id.*) Even after the explant surgery, Plaintiff claims to have continuing chronic pain and other complications.

## II.     Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence.").

The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III. Analysis

#### A. Plaintiff's MIL No. 2

The Court addressed this issue in the context of the first two bellwether trials in this MDL, *Johns v. C.R. Bard, Inc., et al.* (Case No. 18-cv-1509) and *Milanesi, et al. v. C.R. Bard, Inc., et al.* (Case No. 18-cv-1320). The Court adopts its previous rulings. For the reasons stated in MIL Order Nos. 4 (Case No. 18-cv-1509, ECF No. 355 at PageID #18762–65) and 32 (Case No. 18-cv-1320, ECF No. 308 at PageID #17373), Plaintiff's MIL No. 2 is **GRANTED IN PART** and **DENIED IN PART**. Evidence as to the MSDS and TDS is only admissible for the purpose of

4

notice.

### B. Plaintiff's MIL No. 4

The Court addressed this issue in *Johns* and *Milanesi*. For the reasons stated in MIL Order Nos. 3 (Case No. 18-cv-1509, ECF No. 332) and 17 (Case No. 18-cv-1320, ECF No. 279), Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. "A decision maker's personal use or recommendation of Defendants' polypropylene . . . hernia mesh may be used to show the Defendants' state of mind. This evidence may not, however, be used to show that the Defendants' hernia mesh products are safe and effective." (Case No. 18-cv-1320, MIL Order No. 17, ECF No. 279 at PageID #16867.)

### C. Plaintiff's MIL No. 8

The Court addressed this issue in *Johns* and *Milanesi*. For the reasons stated in MIL Order Nos. 6, 8, and 22 (Case No. 18-cv-1509, MIL Order Nos. 6 & 8, ECF Nos. 366 & 390; Case No. 18-cv-1320, MIL Order No. 22, ECF No. 289), Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

As to Dr. Kessler, Defendants may not offer the UCSF webpage to prove its content, but "it is possible that the UCSF webpage would be admissible to cross examine Dr. Kessler as an expert witness at trial. Under these circumstances, the webpage would be admitted not to demonstrate the truth of the webpage's contents, but to test Dr. Kessler's awareness or knowledge of the webpage posted by his employer and colleagues." (Case No. 18-cv-1509, MIL Order No. 8, ECF No. 390 at PageID #20905.) Defendants may not attack Dr. Kessler's credibility by referring to his termination, but "Defendants will be permitted to walk through the door if Plaintiff opens it, such as by asking Dr. Kessler if he was ever fired and if Dr. Kessler responds, 'no,' because this would go to Dr. Kessler's truthfulness as a witness." (*Id.* at PageID #20906.) The

5

parties may introduce evidence of Dr. Kessler's compensation, "including an explanation that he negotiated for an exception to UCSF's rule that prohibits faculty from earning income outside of the University," but the parties may not introduce evidence that he obtained a waiver of this policy to provide other expert testimony. (Case No. 18-cv-1509, MIL Order No. 6, ECF No. 366 at PageID #18932.)

In the event Dr. Beatrice testifies at trial, the Court adopts its previous rulings and concludes that the Abbott letters may be used for the same limited purpose that the Court allowed in *Johns* and that Defendants must disclose any FDA warning letters they intend to use. (Case No. 18-cv-1509, ECF No. 568 at PageID # 30038; Case No. 18-cv-1320, MIL Order No. 22, ECF No. 578.) If Defendants do use the letters, the Court may give the jury a limiting instruction.

### D. Plaintiff's MIL No. 9

The Court addressed this issue in *Johns* and a similar issue in *Milanesi*. For the reasons stated in MIL Order No. 5, Plaintiff's motion is **DENIED**. "[W]hether the device at issue . . . [is] still in use is part of this story, and Defendants shall be permitted to tell it." (Case No. 18-cv-1509, MIL Order No. 5, ECF No. 359 at PageID #18783–85.)

### E. Plaintiff's MIL No. 7

The Court addressed this issue in *Johns* and *Milanesi*. The Court held that "Defendants would only be permitted to introduce their adverse event rate through a qualified witness who was subject to vigorous cross examination." (Case No. 18-cv-1320, MIL Order No. 31, ECF No. 304 at PageID #17333.) The Court also ruled that a "counsel-created, post-hoc adverse event rate to be used during argument . . . would unduly prejudice Plaintiff and mislead the jury." (*Id.*; Case No. 18-cv-1509, MIL Order No. 7, ECF No. 375 at PageID #20353–54.) The same analysis applies here, and the Court adopts its prior rulings. Plaintiff also asks the Court to exclude Dr. Pomerants's

6

opinions regarding adverse event or complaint rates, which they previously raised in a *Daubert* motion. (*See* ECF No. 103.) The Court declines to rule on this issue in the context of a motion *in limine*. Therefore, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

### F. Plaintiff's MIL No. 15

Plaintiff's MIL No. 15 to exclude evidence regarding the PerFix Plug's safety history and lack of complaints is largely duplicative of his MIL No. 7, which the Court addressed above. Defendants cannot use a "counsel-created, post-hoc adverse event rate during argument" but are "permitted to introduce their adverse event rate through a qualified witness who was subject to vigorous cross examination." (Case No. 18-cv-1320, MIL Order No. 31, ECF No. 304 at PageID #17333.) Plaintiff also claims that in *Johns*, by alleging a lack of complaints about the device at issue, Defendants "violated the spirit of [the Court's] holding" that neither party may introduce evidence of the number of lawsuits pending against Defendants. (ECF No. 179.) However, the Court addressed this argument in denying the plaintiff's motion for a new trial in *Johns*:

> At trial, the Court clarified that the door had not been opened and information regarding the number of lawsuits was "not on the table." (ECF No. 570 at PageID #30591–92.) The Court stands by this conclusion. The statements Plaintiff points to do not relate to the number of pending lawsuits. As the Court told the parties at trial, the door had not been opened to discuss the number of lawsuits. (Id. at PageID #30591–92.) "[T]he evidence of prior litigation is not relevant because 'it is not clear that any such prior conduct, particularly if it has not been proven to have occurred, would make any material fact at issue in this case any more or less likely to have occurred.' Thus, the fact that Defendants were parties to [other] litigation does not 'have any tendency to make a fact more or less probable' in this case." *Cannon v. Licking Cty., Ohio*, No. 2:17-CV-00004, 2019 WL 5543032, at *3 (S.D. Ohio Oct. 25, 2019) (citing *Watkins v. Genesee*, No. 13-13678, 2016 WL 727855, at *3 (E.D. Mich. Feb. 24, 2016), Fed. Rule Evid. 401). Additionally, as Defendants point out, the Court's MIL rulings did not "prohibit[] Plaintiff from introducing evidence of complaints about the [Ventralight ST] that pre-dated [Plaintiff's] implantation date—including lawsuits, MDRs, or AERs." (ECF No. 584 at PageID #33129.) Thus, Plaintiff was not without the ability to rebut any arguments by Defendants about a lack of complaints. Therefore, a new trial is not warranted on this ground.

7

(Case No. 18-cv-1509, DMO No. 4, ECF No. 588 at PageID #33249–50.) For the reasons stated in Section III.E, *supra*, and in DMO No. 4, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

### IV. Conclusion

For the reasons set forth above, Plaintiff's MIL No. 2 (ECF No. 160), Plaintiff's MIL No. 4 (ECF No. 159), Plaintiff's MIL No. 8 (ECF No. 178), Plaintiff's MIL No. 7 (ECF No. 165), and Plaintiff's MIL No. 15 (ECF No. 179) are **GRANTED IN PART** and **DENIED IN PART**; and Plaintiff's MIL No. 9 (ECF No. 163) is **DENIED**.

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

**6/6/2023**                          **s/Edmund A. Sargus, Jr.**
**DATE**                               **EDMUND A. SARGUS, JR.**
                                       **UNITED STATES DISTRICT JUDGE**