UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Stinson v. Davol, Inc., et al.*,
Case No. 2:18-cv-01022

## MOTIONS IN LIMINE OPINION & ORDER NO. 49

### Plaintiff's Motion *in Limine* ("MIL") No. 23

Plaintiff Aaron Stinson filed a Motion *in Limine* to Exclude Evidence, Testimony, Reference, Comments, and Documents Regarding Workers' Compensation (ECF No. 240), which is opposed by Defendants C.R. Bard, Inc. and Davol, Inc. (ECF No. 245).  For the reasons that follow, the Court **DENIES** Plaintiff's MIL No. 23.

### I.     Background[1]

Plaintiff's case will be tried as the third bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846.  The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case.  (Dispositive Motions Order ("DMO") No. 7, ECF No. 225.)  All docket citations are to the *Stinson* case, 2:18-cv-1022, unless otherwise noted.

implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiff brings this action to recover for injuries sustained as a result of the implantation of an Extra-Large PerFix Plug hernia mesh device, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial:  design defect, failure to warn, negligence, breach of express warranty, and breach of implied warranty; the Court has reserved judgment on Plaintiff's claims for manufacturing defect, certain damages, and claims related to his current Bard Mesh implant.

The relevant facts here are that in 2015 Plaintiff underwent a right inguinal hernia repair with an Extra-Large PerFix Plug mesh, a product manufactured by Defendants.  In 2017, Plaintiff underwent exploratory surgery to determine if he had a recurrent hernia or nerve entrapment because of chronic pain in his right groin area.  The explanting surgeon, Dr. Radke, noted extensive scarring and found "a large ball approximately 2.5 cm in diameter of rolled up mesh next to the pubic tubercle."  (ECF No. 89-22 at PageID #1134.)  Dr. Radke removed the mesh, which he described as "slow going and extremely difficult" because of the significant scarring.  (*Id.*)  Dr. Radke then repaired the hernia with another of Defendants' products, Bard Marlex Mesh.  (*Id.*)  Even after the explant surgery, Plaintiff claims to have continuing chronic pain and other complications.  In Plaintiff's MIL No. 23, he moves to exclude under Federal Rules of Evidence 401, 402, and 403 evidence of his past and future receipt of workers' compensation. (ECF No. 240.)

2

## II.     Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016).  The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).  However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  "Irrelevant evidence is" inadmissible. Fed. R. Evid.

3

402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III.    Analysis

Plaintiff seeks to exclude evidence of his past and future receipt of workers' compensation. According to Plaintiff, Defendants "should be precluded from asking about (or even mentioning) workers' compensation at trial" because of Maine's collateral source rule, and because such evidence would be highly prejudicial. (ECF No. 240 at PageID #9355.) Plaintiff notes that Defendants proposed a stipulation "that would exclude only (1) the fact that an award was received and (2) the amount of the award," but Defendants believed that all other evidence of Plaintiff's workers' compensation claim should be admissible. (*Id.* at PageID #9354.)

Defendants respond that Plaintiff's motion is overly broad. (ECF No. 245.) The Court agrees. Plaintiff asks the Court to "preclude[e] the use of, or reference to, all evidence, comments, or documents mentioning workers' compensation" (ECF No. 240 at PageID #9354) without specifying what documentation or evidence he seeks to exclude. As this Court has previously held, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." (Case No.

4

18-cv-1509, MIL Order No. 11, ECF No. 415 at PageID #22201; Case No. 18-cv-1320, MIL Order No. 37, ECF No. 313 at PageID #17413–14 (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)).) In addition to being overly broad, Defendants claim that they do not seek to introduce evidence of a monetary award and Plaintiff's arguments are therefore moot. In his motion, Plaintiff's focus appears to be any use by Defendants of evidence of a monetary award as it would relate to damages in this case. However, Defendants clarify that they have no intention to "tell the jury whether Plaintiff received an award or suggest that the jury should reduce his award because of workers' compensation benefits." (ECF No. 245 at PageID #9439.) Instead, Defendants point to "factual evidence regarding the workplace injury that resulted in severe pain and ultimately led to [Plaintiff's] hernia surgery, as well as relevant medical treatment and medical evaluations, some of which were performed at the request of and/or reported to a workers' compensation agency." (*Id.* at PageID #9430.)

Lastly, as Defendants point out, Plaintiff's motion is not timely. The deadline to file MILs was December 29, 2022. (Case Management Order ("CMO") No. 37-A, ECF No. 148 at PageID #6028.) In light of ongoing discovery regarding a line fire at one of Defendants' facilities and Plaintiff's medical condition, the Court permitted the parties to file MILs based on new discovery by May 10, 2023. The order provided that:

> In the event that a party, based on discovery after December 29, 2022, seeks to file a motion *in limine* to address a new subject, it shall seek the consent of the opposing party. If the opposing party consents, the party may file the motion without the need to seek leave of the Court. If the opposing party does not consent, the party shall then seek leave of the Court, advising the Court of the new subject and the new discovery. The responses in opposition shall be filed 14 days after the motion is filed. Notwithstanding the foregoing, no new motions *in limine* shall be filed after **May 10, 2023** without leave of the Court.
>
> In the event that a party, based on new discovery after May 10, 2023, seeks to file a motion *in limine* to address a new subject, it shall seek the consent of the opposing party. Any such motion *in limine* must include an initial paragraph (1) stating whether the opposing party consents and (2) confirming that the information was

>   not available to the parties prior to the May 10 deadline.  Any response in opposition shall be filed 7 days after the motion is filed.  If the 7th day falls on a weekend or holiday, then the response will be due on the next court day.

(CMO No. 37-D, ECF No. 232 at PageID #9210–11.)  Plaintiff's MIL No. 23 does not comply with the requirements of CMO No. 37-D.  Plaintiff does not allege that this motion is based on any new discovery nor that it could not have been submitted by the December 29, 2022 deadline for MILs.  As the Court noted, Plaintiff does not specify what evidence it is he seeks to exclude, including dates of any workplace injury[2] or workers' compensation award.  Therefore, there is no basis to conclude that Plaintiff's MIL No. 23 is based on new discovery and fits within the parameters of CMO No. 37-D.

## IV.     Conclusion

For the reasons set forth above, the Court **DENIES** Plaintiff's MIL No. 23 (ECF No. 240).  As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**


**6/6/2023**                                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                                              **EDMUND A. SARGUS, JR.**
                                                                              **UNITED STATES DISTRICT JUDGE**

---

[2] According to Defendants' response, the workplace injury took place in 2015 and Plaintiff's motion "is not based on recent discovery at all."  (ECF No. 245 at PageID #9430–31.)