**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846 |
| | JUDGE EDMUND A. SARGUS, JR. |
| | Magistrate Judge Kimberly A. Jolson |

This document relates to:
*Stinson v. Davol, Inc., et al.*,
Case No. 2:18-cv-1022

**MOTIONS IN LIMINE OPINION & ORDER NO. 53**

**Plaintiff's Motions *in Limine* ("MIL") Nos. 6, 20, 28, & 29**

Plaintiff Aaron Stinson and Defendants C.R. Bard, Inc. and Davol, Inc. filed various MILs to exclude evidence in this case.  Now before the Court are (A) Plaintiff's MIL No. 6 to Exclude All Evidence Related to Plaintiff's Irrelevant Medical History (ECF No. 177); (B) Plaintiff's MIL No. 20 to Exclude All Evidence Related to Plaintiff's Irrelevant Prior Conduct and His Wife's Irrelevant Medical History (ECF No. 180); (C) Plaintiff's MIL No. 28 to Exclude All Evidence Related to Mr. Stinson's Irrelevant Marijuana Use (ECF No. 283), and (D) Plaintiff's MIL No. 29 to Exclude All Evidence Related to Gail Stinson's Irrelevant Health Conditions, Medical History, and Use of a Mobility Device (ECF No. 284).

## I.      Background[1]

Plaintiff's case will be tried as the third bellwether selected from thousands of cases in this

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case.  (Dispositive Motions Order ("DMO") No. 7, ECF No. 225.)  All docket citations are to the *Stinson* case, 2:18-cv-1022, unless otherwise noted.

multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846.  The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections."  (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiff brings this action to recover for injuries sustained as a result of the implantation of an Extra-Large PerFix Plug hernia mesh device, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: design defect, failure to warn, negligence, breach of express warranty, and breach of implied warranty; the Court has reserved judgment on Plaintiff's claims for manufacturing defect, certain damages, and claims related to his current Bard Mesh implant.

The relevant facts here are that in 2015 Plaintiff underwent a right inguinal hernia repair with an Extra-Large PerFix Plug mesh, a product manufactured by Defendants.  In 2017, Plaintiff underwent exploratory surgery to determine if he had a recurrent hernia or nerve entrapment because of chronic pain in his right groin area.  The explanting surgeon, Dr. Radke, noted extensive scarring and found "a large ball approximately 2.5 cm in diameter of rolled up mesh next to the pubic tubercle."  (ECF No. 89-22 at PageID #1134.)  Dr. Radke removed the mesh, which he described as "slow going and extremely difficult" because of the significant scarring.  (*Id.*)  Dr. Radke then repaired the hernia with another of Defendants' products, Bard Marlex Mesh.  (*Id.*)  Even after the explant surgery, Plaintiff claims to have continuing chronic pain and other

2

complications.

## II.     Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016).  The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).  However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence.").  The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

3

be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III.    Analysis

#### A.  Plaintiff's MIL No. 6

Plaintiff asks the Court to exclude evidence of and references to what he considers his irrelevant medical history, specifically the following: a prior appendectomy, ureterolithiasis, diverticulosis of the sigmoid colon, Lyme disease, left knee surgery and medial meniscus tear, a traumatic injury to his left leg and foot, burned retinas, a fractured cheekbone and jaw and ribs, ruptured blood vessels in his eye, a sleep disorder, lumbar spine treatment, low back pain, L5 nerve compression or possible back strain or herniation of the L5-S1 (*i.e.*, chronic back pain), arthritis in his left leg, obesity, and prior narcotic use. (ECF No. 177 at PageID #7442.) Plaintiff argues that these conditions have no relevance to the injuries he suffered from the PerFix Plug and would serve no purpose other than unfair prejudice. (*Id.*)

Defendants agree not to introduce evidence of Plaintiff's appendectomy and diverticulosis of the sigmoid colon. However, they argue that the other conditions are relevant "to a chronic pain

patient who is also claiming anxiety and depression, and must be considered when evaluating the alleged injuries and damages at issue in this case." (ECF No. 193 at PageID #7613.) Defendants' medical expert, Dr. Pomerants, opined that several of Plaintiff's pre-implant injuries and conditions "affected the manner in which he perceives pain in his groin both before and after the implant surgery." (*Id.* at PageID #7613–14.)

The Court addressed a similar issue in the context of the first two bellwether trials in this MDL, *Johns v. C.R. Bard, Inc., et al.* and *Milanesi, et al. v. C.R. Bard, Inc., et al.* In both cases, it held that evidence of a plaintiff's medical history is relevant if there is a basis to support a finding that the medical history is relevant to injuries that are a part of this case. (Case No. 15-cv-1509, MIL Order No. 1-A, ECF No. 330 at PageID #17881–82; Case No. 18-cv-1320, MIL Order No. 16, ECF No. 278 at PageID #16861–62.) Defendants' case-specific medical expert Dr. Pomerants linked several of these injuries and conditions to Plaintiff's injuries at issue in this case. Dr. Pomerants opines that "neuropathic mechanisms are involved in the pathophysiology of chronic post-surgical pain. Pre-operative pain sensitivity . . . affect[s] the likelihood of development of chronic post-surgical pain." (ECF No. 103-1 at PageID #3788.) Dr. Pomerants notes that Plaintiff "frequently described his pre-implant pain complaints as severe," specifically referring to: an assault in 1993 or 1994 at which time he suffered a fractured cheekbone, jaw, and ribs; broken blood vessels in his eye; a traumatic injury to his foot which required a skin graft and multiple surgeries; a knee injury; and pre-existing spinal pathology. (*Id.* at PageID #3789.) Dr. Pomerants opines that Plaintiff's "pervasive and chronic pre-implant pain" exacerbated pain sensations, and therefore affected Plaintiff's post-operative pain complaints. (*Id.*) Dr. Pomerants also cites to a scientific study and opines that psychosocial factors such as "sleep disturbance" affect the likelihood of development of chronic post-surgical pain. (*Id.* at PageID #3788.) Accordingly,

these portions of Plaintiff's medical history are admissible.  In accordance with the Court's ruling

in Evidentiary Motions Order No. 33, Plaintiff's obesity and narcotic use are excluded.  (ECF No.

306 at PageID #10902–03.)

Finally, although he goes through Plaintiff's medical history in his report and notes these

conditions, Dr. Pomerants does not link Plaintiff's Lyme disease, ureterolithiasis, arthritis, or

burned retinas to Plaintiff's injuries in this case.  Therefore, those portions of his medical history

will be excluded.

### B.  Plaintiff's MIL No. 20

Plaintiff seeks to exclude evidence and argument regarding (1) Plaintiff's wife's medical

history, including any information about her pregnancies, (2) an assault to Plaintiff in the early

1990s, injuries to his left foot and left knee while working on a lobster boat in the early 1990s,

injuries to his lumbar spine and tailbone in the late 1990s and early 2000s, burned retinas from

welding, and (3) Plaintiff's irrelevant prior conduct and history, specifically any information about

his father's hernia mesh implant, being adopted by his uncle when he was a child, chewing tobacco

use, marijuana use, his involvement in a motor vehicle accident in which he suffered no injuries,

his conviction for operating under the influence in 1991 or 1992, a protective order obtained by an

ex-girlfriend in the early 1990s, his settlement of a claim prior to litigation for injuries suffered

while working on a lobster boat in the early 1990s, and work "under the table" at his uncle's

garage.  (ECF No. 180 at PageID #7479–80.)

As for the first category of evidence, Defendants state that they do not intend to introduce

evidence of Plaintiff's wife's pregnancies.  (ECF No. 191 at PageID #7598.)  However, Plaintiff

currently alleges sexual dysfunction caused by the PerFix Plug.  If Plaintiff "ultimately claims the

PerFix Plug caused damage to his sex life with his wife," Defendants claim that the evidence could

then become relevant. The Court agrees. (*See* Case No. 18-cv-1320, MIL Order No. 16, ECF No. 278 at PageID #16860–61.) Aside from her pregnancies, Plaintiff does not specify which aspects of his wife's medical history he is moving to exclude. Therefore, the Court declines to broadly exclude this evidence and will deal with questions of admissibility as they arise.

As for the second category of evidence, the Court addressed these injuries above in its ruling on Plaintiff's MIL No. 6.

As for the third category of evidence, Defendants "largely agree that much of this is irrelevant and should not be admitted," with the exception of certain topics. (ECF No. 191 at PageID #7595.) Specifically, Defendants agree that the following topics are not relevant: Plaintiff's father's hernia mesh implant, Plaintiff being adopted, Plaintiff's car accident, Plaintiff's conviction for operating under the influence, Plaintiff's ex-girlfriend's protective order, Plaintiff's settlement of a claim regarding a boating accident, and Plaintiff's work for his uncle. (*Id.* at PageID #7596–98.) Defendants agree that Plaintiff's use of chewing tobacco is not relevant, with the caveat that they should be permitted to use such evidence for impeachment if Plaintiff argues that he would not accept any health risks of using a product, and make the same argument regarding Plaintiff's marijuana use. (*Id.* at PageID #7597.) The Court agrees that this would be a permissible use of such evidence. Defendants also disagree that Plaintiff's marijuana use is "prior conduct" because "recent medical records establish that Plaintiff is currently consuming marijuana fifteen times per week." (*Id.*) According to Defendants, Plaintiff's marijuana use is relevant to his claimed ongoing pain and related treatment, but they do not offer any expert testimony to link the marijuana use to his ongoing pain and treatment. (*Id.*) Therefore, evidence of Plaintiff's marijuana use is excluded.

### C. Plaintiff's MIL No. 28

Plaintiff asks the Court to exclude evidence of Plaintiff's marijuana use. The Court held that such evidence is inadmissible in its above ruling on Plaintiff's MIL No. 20. Accordingly, Plaintiff's MIL No. 28 is denied as moot.

### D. Plaintiff's MIL No. 29

In his MIL No. 29, Plaintiff seeks to exclude "all evidence, references, testimony, comment, inference, documents, and argument relating to Gail Stinson's health conditions, medical history, and use of a mobility device, including any information about any surgery that Mrs. Stinson has had, or is scheduled to have, or Mrs. Stinson's use of a walker." (ECF No. 284 at PageID #10133.) Consistent with their response to Plaintiff's MIL No. 20, Defendants agree that they do not intend to introduce evidence of Mrs. Stinson's health conditions, medical history, or physical limitations at trial unless it becomes relevant; for example, if "Plaintiff improperly implies at trial that Mrs. Stinson's physical condition or post-surgical state is due to having to take care of Plaintiff," the evidence would be relevant to rebut such argument. (ECF No. 294 at PageID #10517–18.) Consistent with the Court's above ruling on Plaintiff's MIL No. 20, the Court declines to broadly exclude this evidence and will deal with questions of admissibility as they arise.

## IV.     Conclusion

For the reasons set forth above, Plaintiff's MIL No. 6 (ECF No. 177) is **GRANTED IN PART** and **DENIED IN PART**, Plaintiff's MIL No. 20 (ECF No. 180) is **GRANTED IN PART**, **DENIED IN PART**, **DENIED IN PART AS MOOT**, and **RESERVED IN PART**, Plaintiff's MIL No. 28 (ECF No. 283) is **DENIED AS MOOT**, and Plaintiff's MIL No. 29 (ECF No. 284) is **RESERVED**.

9

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**


**10/6/2023**                                               **s/Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**