UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Stinson v. Davol, Inc., et al.*,
Case No. 2:18-cv-01022

## MOTIONS IN LIMINE OPINION & ORDER NO. 56

### Plaintiff's Motion *in Limine* ("MIL") No. 10

Plaintiff Aaron Stinson filed a Motion *in Limine* to Exclude Evidence or Argument that Plaintiff's Implanting Surgeon, Dr. Tan, was "Negligent," At "Fault," or Committed "Surgical Error" (ECF No. 161), which is opposed by Defendants C.R. Bard, Inc. and Davol, Inc. (ECF No. 187). For the reasons that follow, the Court **DENIES IN PART** and **DENIES IN PART AS MOOT** Plaintiff's MIL No. 10.

### I. Background[1]

Plaintiff's case will be tried as the third bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of allegations

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case. (Dispositive Motions Order ("DMO") No. 7, ECF No. 225.) All docket citations are to the *Stinson* case, 2:18-cv-1022, unless otherwise noted.

that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiff brings this action to recover for injuries sustained as a result of the implantation of an Extra-Large PerFix Plug hernia mesh device, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: design defect, failure to warn, negligence, breach of express warranty, and breach of implied warranty.

The relevant facts here are that in 2015 Plaintiff underwent a right inguinal hernia repair with an Extra-Large PerFix Plug mesh, a product manufactured by Defendants. In 2017, Plaintiff underwent exploratory surgery to determine if he had a recurrent hernia or nerve entrapment because of chronic pain in his right groin area. The explanting surgeon, Dr. Radke, noted extensive scarring and found "a large ball approximately 2.5 cm in diameter of rolled up mesh next to the pubic tubercle." (ECF No. 89-22 at PageID #1134.) Dr. Radke removed the mesh, which he described as "slow going and extremely difficult" because of the significant scarring. (*Id.*) Dr. Radke then repaired the hernia with another of Defendants' products, Bard Marlex Mesh. (*Id.*) Even after the explant surgery, Plaintiff claims to have continuing chronic pain and other complications.

## II. Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such

2

motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion.

3

*Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III. Analysis

Plaintiff asks the Court to preclude Defendants from arguing that his implanting surgeon, Dr. Amy Tan, was negligent or at fault in causing his injuries. Plaintiff "believes Defendants will argue that Dr. Tan was negligent because she allegedly entrapped a nerve when implanting Plaintiff's mesh." (ECF No. 161 at PageID #7136.) Plaintiff also asks the Court to preclude Defendants from describing Dr. Tan's actions "using legal terms such as 'negligence' or 'fault.'" (*Id.*) Plaintiff claims that because Maine law does not permit Defendants to include nonparties on the verdict form, and the jury therefore will not be tasked with determining whether she was legally at fault, any such arguments will mislead the jury. (*Id.* at PageID #7137.)

Defendants respond that they have no intention to argue that Dr. Tan breached the standard of care in implanting Plaintiff's PerFix Plug, and therefore will not be referring to Dr. Tan as negligent, at fault, or having committed surgical error. Defendants also do not seek to include Dr. Tan on the verdict form. (ECF No. 187 at PageID #7564.) Therefore, this portion of Plaintiff's motion is moot.

While they do not plan to argue that Dr. Tan was negligent or breached the standard of care, Defendants argue that they should be permitted to present evidence of alternative causation. In Plaintiff's motion to exclude the opinions of Defendants' expert Dr. Pomerants, he asked the Court to exclude Dr. Pomerants's "criticisms and negative presumptions about Dr. Tan and

4

[Plaintiff's explanting surgeon] Dr. Radke," and argued that opinions regarding the surgeons' techniques were inadmissible. (ECF No. 103 at PageID #3740.) The Court denied that portion of Plaintiff's motion because Plaintiff did not point to any specific sections of Dr. Pomerants's report or any specific opinions or evidence he sought to exclude. (ECF No. 306, Evidentiary Motions Order No. 33 at PageID #10903.)

In this MIL, Plaintiff argues that because Defendants' expert Dr. Pomerants does not claim with a reasonable degree of medical certainty that Dr. Tan violated the standard of care, his opinions regarding her surgical technique are inadmissible. (ECF No. 161 at PageID #7140–41.) The Court rejected similar arguments in the first two bellwether cases, *Johns v. C.R. Bard, Inc., et al.*, Case No. 18-cv-1509, and *Milanesi, et al. v. C.R. Bard, Inc., et al.*, Case No. 18-cv-1320. As the Court explained, arguments regarding causation are not the same as alleging negligence or allocating fault to a non-party. (Case No. 18-cv-1509, ECF No. 415, MIL Order No. 11 at PageID #22188–93 (applying Utah law); Case No. 18-cv-1320, ECF No. 295, MIL Order No. 25 (applying Florida law).) The same is true under Maine law. *See Wilder v. Eberhart*, 977 F.2d 673, 676 (1st Cir. 1992) ("In proving such a case, a defendant may produce other 'possible' causes of the plaintiff's injury."). Accordingly, this portion of Plaintiff's motion is denied.

### IV. Conclusion

For the reasons set forth above, the Court **DENIES IN PART** and **DENIES IN PART AS MOOT** Plaintiff's MIL No. 10 (ECF No. 161).

5

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**


**10/6/2023**                                                  <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                      **EDMUND A. SARGUS, JR.**
                                                                         **UNITED STATES DISTRICT JUDGE**